UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC     BANK,     National
Association, as successor-
in-interest  to  RBC  Bank
(USA),   as   successor-in-
interest to Community Bank
of Naples, N.A., a national
banking association,

          Plaintiff,

v.                                Case No: 2:13-cv-289-FtM-29UAM

BONTA    FARMS,    INC.,    a
Florida    corporation    and
DONALD L. ARNOLD,

          Defendants.

_____

**ORDER**

This   matter   comes   before   the   Court   on   review   of   the
Complaint (Doc. #1) filed on April 16, 2013.[1]  Subject-matter
jurisdiction  is  premised  on  the  presence  of  diversity  of
jurisdiction between the parties.  (Id., ¶ 2.)  This requires
complete  diversity  of  citizenship,  and  that  the  matter  in
controversy exceed the sum or value of $75,000, exclusive of
interest and costs.   28 U.S.C. § 1332(a); Morrison v. Allstate
Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).  The Court is

---

[1]  If  the  Court  determines  "at  any  time"  that  it  lacks
subject-matter  jurisdiction,  the  Court  must  dismiss  the  case.
Fed. R. Civ. P. 12(h)(3).

satisfied that the amount in controversy is met.  (Doc. #1, ¶¶ 6, 14, 17.)

Plaintiff alleges that it is a national banking association with its principal place of business in Pennsylvania.  (Doc. #1, ¶ 3.)  "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348.  For diversity jurisdiction purposes, a national bank is a citizen of the State designated in its articles of association as its main office.  Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006).  Plaintiff does not allege the location of its main office.  Therefore, plaintiff's citizenship is insufficiently pled.

Plaintiff further alleges that defendant Donald L. Arnold "resides" in Florida.  (Doc. #1, ¶ 5.)  "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).  Pleading residency is not the equivalent of pleading domicile.  Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  "A person's domicile is the place

of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiff has failed to properly allege the <u>citizenship</u> of the individually named defendant. Therefore, no diversity of jurisdiction is alleged. Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

The Court notes that the Complaint is a "shotgun" pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002). Plaintiff has incorporated the paragraphs in Count I into the subsequent counts, and therefore the Complaint will also be dismissed on this basis, without prejudice.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction and as a shotgun pleading without prejudice

to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of September, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record